**Maria Nancy REYNOSO AVILA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70796.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2014.*

April 16, 2014.

Edgardo Quintanilla, Quintanilla Law Firm, Inc., Sherman Oaks, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Oil, John M. McAdams, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before: BRIGHT,** FARRIS, and HURWITZ, Circuit Judges.

MEMORANDUM ***

Maria Nancy Reynoso–Avila petitions for review of the BIA's denial of her motion to reopen her removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, see Alcala v. Holder, 563 F.3d 1009, 1014 (9th Cir.2009), and review for abuse of discretion, Delgado–Ortiz v. Holder, 600 F.3d 1148, 1150 (9th Cir.2010) (per curiam). We deny the petition.

Reynoso–Avila's motion to reopen would normally have been number- and time-barred: it was her second motion to reopen, and was filed far more than 90 days after the BIA dismissed her appeal of the IJ's removal order. 8 C.F.R. § 1003.2(c)(2). Although the pertinent regulation sets out several exceptions to

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Myron H. Bright, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the numerical and time limitations, none apply here. *See id.* § 1003.2(c)(3).

Reynoso–Avila contends that the limitations should be equitably tolled since she was denied due process by her attorney's ineffective assistance in failing to assert a claim for withholding of removal. *See Ray v. Gonzales,* 439 F.3d 582, 590 (9th Cir. 2006). This argument fails: even if her counsel performed deficiently, Reynoso–Avila did not suffer prejudice. *See Ahmed v. Mukasey,* 548 F.3d 768, 771 (9th Cir. 2008).

Counsel's performance could not have affected the outcome of the proceedings since Reynoso–Avila has not shown plausible grounds for relief on her claim for withholding of removal. *See Alcala v. Holder,* 563 F.3d 1009, 1020 (9th Cir.2009). Although Reynoso–Avila argues that she suffered persecution in Mexico based on her membership in the group of "defenseless children in a household who were severely abused both physically and emotionally by a controlling and overbearing parent," this group does not qualify as a "particular social group" under the Immigration and Nationality Act. 8 U.S.C. § 1231(b)(3)(A); *see also* 8 C.F.R. § 1208.16; *Tamang v. Holder,* 598 F.3d 1083, 1091 (9th Cir.2010). The characteristic of being a child in an abusive household is neither immutable, nor "so fundamental to the identities or consciences of [the group's] members that they ... should not be required to change it." *Donchev v. Mukasey,* 553 F.3d 1206, 1215 (9th Cir.2009).

Reynoso–Avila presents this Court with an alternative formulation of her social group: "Maria and the female siblings of her family who were also abused by their mother." However, Reynoso–Avila did not

argue to the BIA that she was persecuted on account of her membership in this group. Thus, this Court lacks jurisdiction to consider the issue. *See Vargas v. U.S. Dep't of Immigration & Naturalization,* 831 F.2d 906, 907–08 (9th Cir.1987).

Finally, although Reynoso–Avila argues that she would be entitled to withholding of removal on humanitarian grounds, this issue was also not raised to the BIA. Thus, we lack jurisdiction to consider it. *See id.*

### PETITION FOR REVIEW DENIED.